**HOUSTON CONTRACTING COMPANY,**
Appellant,

v.

**The TEXAS AND PACIFIC RAILWAY
COMPANY, Appellee.**

No. 6549.

Court of Civil Appeals of Texas.

Beaumont.

Sept. 6, 1962.

Bryan & Patton, Houston, for appellant.

McGregor, Sewell & Junell, Houston, for appellee.

STEPHENSON, Justice.

This is an appeal from an order of the trial court sustaining a plea of privilege. The plaintiff relied upon Subdivision 23 of Article 1995 of the R.C.S. to maintain venue in Harris County. A portion of this subdivision reads as follows:

"Suits against a railroad corporation, or against any assignee, trustee or receiver operating its railway, may also be brought in any county through or into which the railroad of such corporation extends or is operated."

The parties will be designated here as they were in the trial court.

The evidence showed that this was a cause of action for damages arising out of a crossing collision which occurred in Luling, Louisiana. Suit was filed in Harris County, Texas, and defendant filed its plea of privilege to be sued in Dallas County, Texas, alleging Dallas County to be the location of its principal office and place of business in the State of Texas.

The evidence showed that the defendant railway company maintained a sales office in Houston. This office was headed by T. A. Falk, whose title was District Manager, Freight Sales. Mr. Falk was a freight sales representative for defendant, and had nothing to do with passengers. The purpose of the Houston office was to solicit freight business for the defendant. There was no evidence showing that defendant had any railroad rails or roadbeds in Harris County.

The sole question for this court to determine is whether the operation of a

freight sales office in Harris County brings the defendant within the provision of Subdivision 23 of Article 1995. We have concluded that it does not. We feel that the wording of the statute *"through* or *into which* the railroad of such *corporation extends* or is *operated"* means the operation or extension of the railroad rails and roadbeds. If the meaning was otherwise, the statutes would merely read "in which the railroad corporation operated." The words *"through or into"* must refer to railroad rails and roadbeds. The phrase "railroad of such corporation" and the phrase "railroad corporation" do not have the same meaning in this statute. See International & G. N. Railway Co. v. Anderson County, 59 Tex. 654.

The judgment of the trial court is affirmed.